UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DLCA, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>BALANCE POINT DIVORCE FUNDING, LLC. et al.,<br><br>       Defendants. | Civil Action No. 2:18-cv-01867-KM-SCM<br><br>**OPINION AND ORDER ON DEFENDANT'S MOTION TO INTERVENE**<br><br>**[D.E. 20]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

This matter comes before the Court upon Defendant Stacy Napp's ("Ms. Napp") motion to intervene in the present litigation.[1] Plaintiff DLCA, LLC has opposed the motion.[2] The Honorable Kevin McNulty, U.S.D.J. referred the motion to the undersigned for decision. The Court has reviewed the parties' submissions and heard oral argument on September 27, 2018.[3] For the reasons stated herein, Ms. Napp's motion is **DENIED**.

---

[1] (ECF Docket Entry ("D.E.") 20). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 23-2, Opposition).

[3] L. Civ. R. 78.1.

## I. BACKGROUND AND PROCEDURAL HISTORY[4]

This action arises out of a loan transaction between plaintiff DLCA, LLC ("DLCA") and defendant Balance Point Divorce Funding, LLC ("Balance Point"), and a guarantee for the loan made by Ms. Napp.[5] DLCA brings this action against Balance Point and Ms. Napp alleging breach and default of the loan agreement.[6] Ms. Napp brings this motion to intervene pursuant to Federal Rule of Civil Procedure 24 to enter this action as counsel for Balance Point.[7]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[8] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions.[9] Motions to intervene are considered non-dispositive motions.[10]

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 1, Compl.).

[6] (D.E. 1, Compl.).

[7] (D.E. 20).

[8] 28 U.S.C. § 636(b)(1)(A).

[9] L. Civ. R. 72.1(a)(1).

[10] *See Dewey v. Volkswagen of America*, 2012 WL 8433901, at *1 (D.N.J. Nov. 26, 2012); *In re Gabapentin Patent Litigation*, 312 F. Supp. 2d 653, 661 (D.N.J. 2004); *U.S. v. W.R. Grace & Co.*, 185 F.R.D. 184, 187 (D.N.J. 1999).

**III. DISCUSSION AND ANALYSIS**

Ms. Napp is the sole shareholder of Balance Point and asserts that Balance Point is unrepresented because it cannot afford to retain counsel.[11] She is a *pro se* party to this litigation and stated at oral argument that she once was an attorney, but is not admitted to practice law in this District.

The controlling statute provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."[12] "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."[13] Stated otherwise, a *pro se* cannot represent another person or entity in federal court.[14] Ms. Napp has not cited any exception for entities wholly owned by a single individual.

Ms. Napp nonetheless seeks to circumvent the controlling statute and precedent by moving to intervene. Federal Rule 24 provides a procedure by which a non-party with an interest in the litigation may come in as a party to the existing lawsuit.[15] A party, however, cannot intervene in an action where they are already a named party.[16] Here, Ms. Napp is already a party to the litigation

---

[11] (D.E. 20).

[12] 28 U.S.C.A. § 1654.

[13] *See U.S. v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) (quoting *Rowland v. California Men's Colony*, 605 U.S. 194, 201-02 (1993); *Simbraw v. U.S.*, 367 F.2d 373, 374 (3d Cir. 1966) (holding that corporations cannot represent themselves pro se).

[14] *Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010).

[15] Fed. R. Civ. P. 24.

[16] *See Waterfall Victoria Mortgage Trust 2010-SBCI REO, LLC. v. Albanes*, 2017 WL 91644, at *fn 5, (D.N.J. Mar. 8, 2017); *Shipyard Assoc., L.P. v. City of Hoboken*, 2014 WL 6685467, at *4

and thus cannot assert that she is a non-party seeking to intervene. Thus, intervention is inapplicable.

Ms. Napp argues that a judgment against Balance Point, an entity that cannot answer or plead in the current action, will harm her interest as guarantor of the loan.[17] However, Ms. Napp, as an existing *pro se* party to the litigation can properly defend her personal interest as guarantor.

**V. CONCLUSION**

Based on the foregoing, this Court concludes that intervention is inapplicable. For these reasons, Ms. Napp's motion to intervene is **denied**. An appropriate Order follows.

## ORDER

**IT IS** on this Friday, September 28, 2018,

**ORDERED** that Ms. Napp's motion to intervene is **denied**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/28/2018 11:37:23 AM

Original: Clerk of the Court
Hon. Kevin McNulty, U.S.D.J.

cc: All parties
    File

---

(D.N.J. Nov. 26, 2014); *Blades v. Burlington County Jail*, 2007 WL 674687, at *9 (D.N.J. Feb. 28, 2007).

[17] (D.E. 20).